IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

TROY LEE BOONE,                     :

                                 :

       Petitioner,              :

                                 :    CIVIL ACTION

vs.                              :    File No. **1:05-CV-157 (WLS)**

                                 :

BILLY TOMPKINS, Warden,    :

                                 :

       Respondent.          :

_____

**RECOMMENDATION**

On June 13, 1989, Troy Lee Boone, Jr. ("Petitioner") appeared with counsel in the Sumter County Superior Court to enter a plea of nolo contendre to one count of burglary. The trial court accepted Petitioner's plea, and sentenced Petitioner to 20 years, serve 5, with the balance to be served on probation. Petitioner's probation was first revoked on April 13, 1995 because of new charges involving possession of cocaine with intent to distribute and possession of marijuana with intent to distribute, for which five years of his probated sentence was revoked. On September 10, 2001, the trial court revoked the balance of Petitioner's probated sentence due to Petitioner's commission of the new offenses of felony possession of cocaine with the intent to distribute and misdemeanor possession of marijuana; testing positive for marijuana use; and failure to pay court-imposed fines. (Petitioner subsequently entered a guilty plea to those charges). Petitioner did not pursue a properly filed discretionary appeal of the probation revocation.

On May 24, 2002, Petitioner filed a state habeas corpus petition challenging his September 10, 2001, Sumter County probation revocation. Following July 11, 2003, and September 8,

2003, evidentiary hearings, the state habeas corpus court denied relief in an order filed

November 30, 2004. The Georgia Supreme Court denied Petitioner's application for a certificate

of probable cause to appeal on September 20, 2005.

On or about October 27, 2002, Petitioner executed a federal habeas corpus action

challenging his probation revocation.  See <u>Boone v. Ayers, Warden</u>, et al., No. 1:02-CV-170-

2(WLS)(M.D. Ga. Oct. 27, 2002). This Court dismissed the petition for lack of exhaustion in an

order filed March 21, 2003. On or about December 18, 2003, Petitioner executed a second

petition, again challenging the September 10, 2001, probation revocation order.  See <u>Boone v.</u>

<u>Terry, Warden</u>, No. 1:03-CV-176-1(WLS)(M.D. Ga. Dec. 18, 2003). This Court again dismissed

Petitioner's petition for lack of exhaustion in a January 25, 2005, order.

On or about October 28, 2005, Petitioner executed the instant petition.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) established standards

for habeas review of state court decisions.      Amended §  2254(d) states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

The Eleventh Circuit has interpreted the provisions as  providing that a court evaluating a

habeas petition under § 2254(d)(1) must engage in a three-step process: First, the court must

"survey the legal landscape" to ascertain the federal law applicable to the petitioner's claim that

is "clearly established" by the Supreme Court at the time of the state court's adjudication.

Second, the court must determine whether the state court adjudication was contrary to the clearly established Supreme Court case law, either because the state court failed to apply the proper Supreme Court precedent, or because the state court reached a different conclusion on substantially similar facts. If the state court's decision is not contrary to law, the reviewing court must then determine whether the state court unreasonably applied the relevant Supreme Court authority.  Neeley v. Nagle, 138 F. 3d 917 (11th Cir. 1998), cert. denied 525 U.S. 1075, 119 S.Ct. 811, (1999).

The United States Supreme Court has concluded that a state decision that is "contrary to" clearly established Supreme Court precedent is one in which the state court either (1) arrives at a conclusion opposite of that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result.  Under the AEDPA's "unreasonable application" clause, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.  Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000).

*Grounds 1-3*

In these grounds, petitioner argues that he was subjected to an unconstitutional search and seizure, where the state did not provide a full and fair hearing on the merits; that petitioner's conviction was obtained by use of evidence obtained by an unlawful arrest; and the prosecution failed to disclose evidence favorable to petitioner in failing to disclose to petitioner that the search warrant was based upon information from an unreliable source, the underlying affidavit

3

was not based upon personal observation, and the underlying affidavit fails to state sufficient facts to show probable cause; and denied him access to the courts by withholding his transcript.

The state habeas court made findings of fact and law.   The state habeas court specifically found that the trial court heard evidence regarding the new criminal charges, including "graphic testimony" from two female jailers who offered testimony of petitioner's indecent exposure to them, and other evidence, before revoking the balance of petitioner's probation.  The state habeas court also specifically found that although the trial court heard evidence regarding petitioner's drug charges, did not use that evidence to revoke petitioner's probation.

The state habeas court quoted <u>Gagnon v. Scarpelli</u>, 411 U.S. 778 (1972) and <u>Morrisey v. Brewer</u>, 408 U.S. 471 (1972), which set out the minimum due process requirements for probation revocation and parole revocation hearings, which require the following:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of the evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses.......; (e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

<u>Gagnon</u>, 411 U.S. at 486.  A trial court may not revoke a defendant's probation unless the defendant admits the violations or "unless the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged."  O.C.G.A. § 42-8-34.1(b).

The state habeas court further found that petitioner received all those rights to which he was

4

entitled.  First, the probation officer supplied petitioner with written notice; the probation officer presented evidence against petitioner during his revocation hearing, that included testimony from witnesses; petitioner, through his counsel, then cross-examined those witnesses; and the court made findings of fact and law and concluded that the state had proven by a preponderance of the evidence that petitioner had violated his probation by committing new criminal offenses and revoked his probation accordingly.[1]

The state habeas corpus court made findings of fact based upon the record.  The state habeas corpus court then cited <u>Gagnon v. Scarpelli</u>, 411 U.S. 778 (1972) and concluded that "Petitioner [...] received those limited rights to which he was entitled. See <u>Gagnon</u>, 411 U.S. at 486." (Resp. Ex. 2, pp. 6-8). Furthermore, the state habeas corpus court further held that no illegally obtained evidence was used to revoke Petitioner's probation. (Resp. Ex. 2, pp. 8-9)

To the contrary, the state habeas court relied upon <u>Gagnon</u> and noted that "[a] probation revocation proceeding, like parole revocation, is not a stage of a criminal prosecution; as a result, the full panoply of constitutional rights accorded a defendant in a criminal trial do not apply." (Resp. Ex. 2, pp. 6-7).  The state habeas court also found that hearings to determine the admissibility of evidence taken in a search or to address potential constitutional violations are not among the guarantees reserved to probationers.

### Ground 4

In this ground petitioner claims that he received ineffective assistance of counsel.  The state habeas court made findings of fact and law.  The court found that counsel for petitioner was experienced in criminal law, but suggested that male counsel might be more appropriate for

---

[1]Petitioner subsequently entered a guilty plea to the drug charges on March 24, 2003.

petitioner as the nature of some of the charges against him included the allegation that he masturbated in front of two female jailers.  The trial court agreed, and allowed counsel to withdraw; petitioner was appointed another attorney, Mr. Cavan Perry.  Mr. Perry had appeared as counsel in approximately 80-90 probation revocation hearings at the time of his representation of petitioner.  The state habeas court found that petitioner refused to discuss the case with Mr. Perry.

Mr. Perry had an opportunity to discuss the case with the state's witnesses, and had access to the state's file prior to the revocation hearing.  Mr. Perry successfully cross-examined several state's witnesses regarding the ownership of the drugs in question.  After the hearing, Mr. Perry sent petitioner a letter informing him of his right to appeal, but that another attorney should represent him in order to preserve his right to appeal.

The state habeas corpus court correctly relied upon Alabama v. Shelton, 535 U.S. 654, 663-665 (2002), Gagnon, and Strickland v. Washington standard, in reviewing counsel's performance and concluded that Petitioner failed to establish either attorney error or prejudice. Strickland v. Washington, 466 U.S. 668 (1984).

In conclusion, the petitioner has failed to meet his burden to show that the state habeas court's conclusions were contrary to law or an unreasonable application of the correct law.

Accordingly, it is the recommendation of the undersigned that this petition for federal habeas relief be DENIED.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 23rd  day of December, 2008.


//S Richard L. Hodge_____
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE